FILED
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(Wichita Docket)    '12 DEC -4 PM 2:21

Clerk U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, | } |
| | } |
| Plaintiff, | } |
| | } |
| v. | } No.  12-10229-01-MLB |
| | } |
| McCALLA CORPORATION, | } |
| | } |
| Defendant. | } |

## PLEA AGREEMENT

The United States of America, by and through Barry R. Grissom, United States

Attorney, and Brent I. Anderson, assistant United States attorney, and the defendant,

McCalla Corporation, by and through defendant's counsel Lee Thompson, hereby enter

into the following plea agreement pursuant to Rule 11 of the Federal Rules of Criminal

Procedure:

1.     **Defendant's Guilty Plea.**     The defendant agrees to waive indictment in

writing and to plead guilty to Count 1 of the Superseding Information, which charges a

violation of Title 18, United States Code, Section 1546(b)(2) and 2, that is, aiding and

abetting the use of a false document to satisfy the requirements of the Employee

Eligibility Verification program, and criminal forfeiture of $100,000.00 as authorized by

Title 18, United States Code, Section 982(a)(6)(A).  By entering into this plea agreement,

the defendant admits to knowingly committing the offense alleged in Count 1, and to

being guilty of this offense. The defendant understands that the maximum sentence

which may be imposed as to Count 1 of the Superseding Information to which the

defendant has agreed to plead guilty is a $500,000 fine, and a $400 mandatory special

assessment.

    **2.**    **Factual Basis for the Guilty Plea.**    The parties agree the facts

constituting the offense to which the defendant is pleading guilty are as follows:

> **Count 1, 18 U.S.C. Section 1546(b)(2) and 2, aiding and abetting the use of a false document to satisfy a requirement of the Employee Eligibility Verification Program, § 247A(b) of the Immigration and Nationality Act, codified at 8 U.S.C. Section 1324a(b):** In about March 2011, McCalla Corporation's director of operations (supervisor) met with the manager of one of the McDonald's restaurants it operates in Wichita, Kansas, and told the store manager that the supervisor needed to update the store manager's I-9 form using current identity documents as required by the Department of Homeland Security Employment Eligibility Verification program, as the documents the store manager had previously used on her I-9 form were expired or not otherwise valid. Two days later, as proof of employment eligibility, the store manager presented to the supervisor a "resident alien" card that the supervisor knew did not appear to be genuine, but the supervisor updated the manager's I-9 form and McCalla Corporation took no further action concerning the manager's employment as a McCalla McDonald's restaurant store manager, a position which she held from May 2009 to September 2012. The supervisor also was aware that it took weeks, not two days, for a foreign national to obtain a "resident alien" card, giving him further reason to know that the resident alien card presented to him by the store manager was not genuine. As a result of the defendant's conduct, it derived or had proceeds traceable to, indirectly or directly, the amount of $100,000.

    **3.**    **Application of the Sentencing Guidelines.**    The parties submit to the

Court that the sentence requested by the parties herein does not offend the now-advisory

federal sentencing guidelines.

**4.** **Government's Agreements.** In return for the defendant's plea of guilty

as set forth herein, the United States Attorney for the District of Kansas agrees:

      a.    To not file any additional charges against the McCalla Corporation, its owners, officers, directors, or current or former employees or McDonald's Corporation arising out of the facts forming the basis for the present information;

      b.    To recommend, together with the defendant, a sentence of a $300,000 fine and the $100,000 forfeiture;

      c.    To recommend, together with the defendant, waiver of the presentence investigation report and immediate sentencing;

      d.    To file, upon payment in full of the fine and forfeiture, a satisfaction of judgment.

The government's obligation concerning its agreements listed in this paragraph are

contingent upon the defendant's continuing manifestation of acceptance of responsibility

as determined by the United States. If the defendant denies or gives conflicting

statements as to its involvement, falsely denies or frivolously contests relevant conduct

that the court determines to be true, willfully obstructs or impedes the administration of

justice as defined in U.S.S.G. § 3C1.1 (or willfully attempts to do so), or engages in

additional criminal conduct, the United States reserves the right to request a hearing to

determine if the defendant has breached this agreement.

In the event the Court finds the defendant has breached this plea agreement or

otherwise failed to adhere to its terms, the United States shall not be bound by this

paragraph and may pursue any additional charges arising from the criminal activity under

investigation as well as any perjury, false statement, or obstruction of justice charges which may have occurred.

5. **Defendant's additional agreement.** The defendant specifically agrees, as an integral part of this plea agreement, that it will the pay the $300,000 fine and $100,000 cash forfeiture contemplated by this agreement forthwith. If the defendant fails to pay the fine and forfeiture amount as agreed, the United States is permitted hereunder to move to set aside the guilty plea and this plea agreement and to proceed in the case as if no plea had been made; the defendant agrees herein not to oppose the government's motion to set aside in any way.

6. **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence the defendant will receive.

7. **Withdrawal of Plea Not Permitted.** The defendant understands that if the court accepts this plea agreement but imposes a sentence with which the defendant does not agree, the defendant will not be permitted to withdraw this plea of guilty.

8. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $400 per count of conviction will be entered against the defendant at the time of sentencing. The defendant agrees to deliver payment to the clerk of the court in the appropriate amount the day of plea.

4

**9.     Waiver of Appeal and Collateral Attack.**     The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal the sentence contemplated herein. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b).

**10.     FOIA and Privacy Act Waiver.**  The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. § 552 and  the defendant waives any rights conferred under the Privacy Act of 1974, Title 5, U.S.C. § 552a to prevent or object to the disclosure of records or materials pertaining to this case.

5

**11.** **Waiver of Claim for Attorney's Fees.** The defendant waives all claims under the Hyde Amendment, Title 18, U.S.C. § 3006A, for attorneys fees and other litigation expenses arising out of the investigation or prosecution of this matter.

**12.** **Full Disclosure by United States.** The defendant understands the United States may be called upon to provide to the court and the United States Probation Office all information it has in its possession related to this case to assist the Court in determining an appropriate sentence. This may include information concerning the background and conduct of the defendant including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the counts to which the defendant has pled guilty. Furthermore, the United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies. The defendant also has the right to provide information concerning the offense and to make recommendations to the court and the United States Probation Office.

**13.** **Parties to the Agreement.** The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

**14.** **No Other Agreements.** The defendant has had sufficient time to review this case, the evidence, and this agreement with the defendant's attorneys and defendant is fully satisfied with the advice and representation provided by defendant's counsel.

6

Further, the defendant acknowledges that it has reviewed the plea agreement, understands

it and agrees it is true and accurate and not the result of any threats, duress or coercion.

The defendant further understands that this plea agreement supersedes any and all other

agreements or negotiations between the parties, and that this agreement embodies each

and every term of the agreement between the parties.  The defendant acknowledges that

the defendant is entering into this agreement and is pleading guilty because the defendant

is guilty and is doing so freely and voluntarily.


Barry R. Grissom
United States Attorney

Date: 11/29/12


Brent I. Anderson
Assistant U.S. Attorney

Date: 11-29-12


McCalla Corporation, Defendant,
by Roy A. McCalla, President

Date: 12-3/12


Lee Thompson
Attorney for Defendant

Date: 12-3-12


7